505 So.2d 1014 (1987)
William TOBIAS
v.
STATE of Mississippi.
No. 56566.
Supreme Court of Mississippi.
April 8, 1987.
William Tobias, pro se.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.

ON MOTION FOR POST-CONVICTION RELIEF
HAWKINS, Presiding Justice, for the court:
William Tobias was tried and convicted in the Hinds County Circuit Court for the charge of house burglary in the Second Judicial District of Hinds County. On March 8, 1985, he was found guilty and sentenced as a habitual offender to serve ten years in the Mississippi Department of Corrections without parole. We affirmed his conviction per curiam in Tobias v. State, 495 So.2d 510 (Miss. 1986).
Tobias has filed a pro se motion for post-conviction relief, requesting that his conviction be set aside and a new trial granted. Tobias assigns the following grounds for relief: That the State's primary witness and co-defendant committed perjury when he testified that Tobias was involved in the burglary for which he was convicted. The affidavit of the co-defendant, Gary Perryman, has been attached to Tobias' petition, where Perryman states that his testimony was false and Tobias took no part in the burglary.
On October 15, 1984, the home of Ernest Robinson was burglarized. One of the culprits, Gary Perryman, was later apprehended and identified William Tobias as one of his accomplices. Theo Brown also testified that Perryman and three or four other men tried to sell him some guns. Brown stated he knew none of the men except Perryman. Brown testified that Tobias looked like one of the men in the group.
Tobias' father and cousin testified that Tobias had been with them during the time of the burglary.
Attached to Tobias' motion for post-conviction relief is Perryman's affidavit in which he admits he committed perjury. Perryman's affidavit certified the following:
2. That I was a witness for the prosecution and the testimony that I gave was *1015 given under force by threat, and my testimony was false and incorrect.
* * * * * *
4. That William Tobias did not committ [sic] the burglary in question, nor to the best of my awareness did he have any knowledge there of [sic], neither did he aid and abeit [sic] in its commission.

LAW
This case is factually identical to In re Smith, 457 So.2d 911 (Miss. 1984). In Smith, two eyewitnesses made an in-court identification of Willie Albert Smith as the person who abducted the victim later found murdered. These witnesses' identification of Smith at trial "formed an integral part" of this Court's opinion which affirmed Smith's conviction. 457 So.2d at 911.
Smith then filed a motion for leave to file petition for writ of error coram nobis. His grounds for post-conviction relief were that the two eyewitnesses committed perjury when they made their in-court identification. Both eyewitnesses attached affidavits to the petition which stated they were pressured to testify by the district attorney and police, and they could not identify Smith as the person who abducted the victim.
We concluded that in the event the affidavits were accurate and truthful, the lower court should hear the petition for error coram nobis. 457 So.2d at 914. See also Sanders v. State, 439 So.2d 1271, 1276 (Miss. 1983).
As in Smith, we conclude that Tobias is also entitled to an evidentiary hearing on his petition. We pass no judgment on the merits of this application, going no further than authorizing and granting leave to file.
We further note that, like the eyewitnesses in Smith, Perryman has committed perjury. Miss. Code Ann. § 97-9-59. The unequivocal affidavit submitted by Perryman is proof of this.
Tobias additionally moved that the trial court appoint counsel to assist him in the event an evidentiary hearing is held. This motion is also granted.
We pass no judgment on the merits of the petition.
APPLICATION FOR LEAVE TO FILE MOTION IN TRIAL COURT GRANTED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.