584 So.2d 1276 (1991)
William TOBIAS
v.
STATE of Mississippi.
No. 90-KA-0596.
Supreme Court of Mississippi.
August 21, 1991.
*1277 Merrida P. Coxwell, Jr., Stanfield Carmody & Coxwell, Jackson, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:

I.
William Tobias prosecutes this appeal from an order issued on December 1, 1987, by the Circuit Court of Hinds County denying his "Motion For Post-Conviction Relief." The specific target of Tobias's motion for post-conviction relief was his March 1985, conviction, as an habitual offender, of house burglary.
The conviction rested largely, if not entirely, upon the testimony of Gary Perryman, a self-confessed accomplice with prior convictions for armed robbery, assault, and burglary. Tobias was sentenced to serve ten (10) years in the Mississippi Department of Corrections without the benefit of probation or parole. He appealed his conviction and sentence to this Court, and on October 8, 1986, we affirmed per curiam. See Tobias v. State, 495 So.2d 510 (Miss. 1986).
Tobias, on December 17, 1986, filed in this Court a pro se motion for post-conviction relief requesting that his conviction for burglary be set aside and a new trial ordered. As a ground for relief, Tobias claimed that Gary Perryman, a co-defendant and the State's primary witness at the trial of Tobias, had given false testimony implicating Tobias. Attached to Tobias's motion was the ex parte affidavit of Perryman which stated, under oath, that his trial testimony implicating Tobias was false and incorrect and that Tobias neither committed nor aided and abetted the commission of the house burglary.
On April 8, 1987, we granted Tobias's application for leave to file his post-conviction motion in the trial court. In a published opinion, we concluded that Tobias was also entitled to an evidentiary hearing on his petition. We noted further that the unequivocal affidavit supplied by Perryman was proof that Perryman had committed perjury. See Tobias v. State, 505 So.2d 1014 (Miss. 1987).
An evidentiary hearing was conducted on October 9th and November 23rd, 1987, for the purpose of giving Tobias an opportunity to prove his claims in a post-conviction environment. This hearing was conducted before the same circuit judge who presided at the trial of Tobias for burglary. Testifying in support of his claims was Tobias himself and Ray Witherspoon. Neither had testified at Tobias's trial. The absence of affiant, Perryman, as a witness in Tobias's behalf, was conspicuous.
Tobias claimed at the hearing the reason he did not testify at his trial was because of his prior felony convictions. He denied he took any part in the burglary of Mr. Robinson's house; rather, he was working in the woods near Hazlehurst with his father. Tobias admitted during the hearing that sometime after 4:00 p.m. on the day of the burglary he went to Theodore Brown's house in Hazlehurst with Ray Witherspoon, Gary Perryman, Clayton Jenkins and his brother, "Big John" Tobias. While the Tobias brothers and Jenkins were trying to purchase some bootleg whiskey, Perryman and Witherspoon were negotiating the sale of four guns. Tobias testified at the evidentiary hearing he had nothing to do with the sale of the firearms to Brown.
During the evidentiary hearing Tobias identified Perryman's affidavit. Contrary to the State's position, the affidavit was introduced into evidence as a part and parcel of Tobias's motion for post-conviction relief. The prosecution voiced no objection to the introduction into evidence of the motion and attached affidavit.
*1278 Tobias testified that Perryman had given him the affidavit on December 2, 1986, while he and Perryman were incarcerated in the Hinds County Jail. Tobias's direct appeal to this Court was pending at the time.
Ray Witherspoon testified for the defendant during the evidentiary hearing that he and Gary Perryman committed the burglary and that Tobias was not involved. Witherspoon entered a plea of guilty to the charge on or about the 8th day of March, 1985, and his Petition to Enter Plea of Guilty, given under oath, states as fact that he and Gary Perryman burglarized Mr. Robinson's house. Witherspoon testified he was subpoenaed prior to trial by Tobias's attorney but did not testify in Tobias's behalf upon the advice of his own attorney.
During the evidentiary hearing, Tobias's lawyer stated into the record that he intended to have Perryman present at the next hearing. Following the testimony given by Tobias and Witherspoon, the proceedings were recessed until November 23rd when the hearing was reconvened. After introducing a copy of the trial testimony into evidence, the defendant rested his case without the production and anticipated testimony of Perryman. The State rested without producing any witnesses. Following closing remarks by lawyers for both litigants, the trial judge took the case under advisement.
On December 1, 1987, the lower court issued an order stating, inter alia, that "[t]he Court, after examining the Petition and exhibits and hearing testimony in the same, finds, based on the facts as presented, that the Motion for Post-Conviction Relief should be denied."

II.
The ground rules applicable here are found in Smith v. State, 492 So.2d 260, 264-65 (Miss. 1986), where we held that a defendant is entitled to a new trial on the grounds that testimony used by the State was perjured only where (1) the prisoner clearly proves his allegations concerning perjured testimony; (2) the perjury, if newly discovered, was discovered since trial and could not have been discovered before trial by the exercise of due diligence; (3) the perjured testimony is material to the issue and not merely cumulative or impeaching; and (4) the perjured testimony was such that there is a substantial probability that a different result will be reached if a new trial is had without it.
In Tobias v. State, supra, we held that Tobias was entitled to an evidentiary hearing on his petition. One purpose of the hearing was to give Tobias an opportunity to prove his claims. Another purpose was to give the State an opportunity to controvert the allegations, demand proof, and offer such contradictory evidence as it might desire. Lang v. State, 232 Miss. 616, 620, 100 So.2d 138, 140 (1958). The State offered no witnesses or other evidence during the evidentiary hearing and failed at the hearing to develop any factual basis for discrediting the evidence presented by Tobias. Rather, it relied upon Perryman's trial testimony implicating Tobias in the burglary.

A. Did Tobias Prove That Perryman Committed Perjury?
Perryman's unequivocal affidavit, which was not objected to by the State, was introduced into evidence during the hearing as a full evidentiary exhibit. It was true in Smith, supra, and it is equally true here, that the evidence introduced at the hearing, if believed, sufficiently established by a preponderance of the evidence that Perryman committed perjury. Indeed, we held as much in our earlier decision where we opined: "[L]ike the eyewitnesses in Smith, Perryman has committed perjury. Miss. Code Ann. § 97-9-59." Tobias v. State, 505 So.2d at 1015. Whether Perryman spoke truthfully at the original trial of Tobias or in the recanting affidavit which flowed in its wake was a matter for resolution by the trial judge sitting as trier of fact.

B. What is the Probative Effect?
Having concluded there was sufficient evidence which, if believed, established by a preponderance of the evidence that Perryman *1279 was guilty of perjury at the original trial, we must now decide the probative effect of this evidence, or lack of it, if a new trial is ordered. It is enough to say we have carefully reviewed the record of Tobias's trial for house burglary. Aside from the testimony of Thedo Brown identifying Tobias as one of 5 or 6 men who was present with Perryman at Brown's home when the guns were sold to Brown, the only testimony linking Tobias with the burglary is the testimony of Perryman which, of course, Perryman later recanted. Witherspoon, to this day, has yet to implicate Tobias.

C. Should a New Trial Be Ordered?
This is one of those unfortunate cases where the trial judge failed to make "any findings of fact whatsoever." See Schmitt v. State, 560 So.2d 148, 151 (Miss. 1990). While the State invites us to apply a clearly erroneous standard of appellate review, we are unable to do so where, as here, there are no findings of fact in the record. We also are unable to determine from this record if the trial judge applied the correct legal standard in denying Tobias's request for a new trial.
In a case such as this where the defendant's conviction will stand or fall on the credibility of an accomplice's recanting testimony, the trial judge should state in his order, or otherwise place into the official record, his specific findings of fact and the legal standard applied to those facts in reaching his decision. This is precisely what was done in Yarborough v. State, 514 So.2d 1215 (Miss. 1987) where the circuit judge made extensive findings of fact. We held in Yarborough there was substantial credible evidence in the record supporting the trial court's finding that the witness's original testimony at trial was correct. We decline to reach that conclusion in the case at bar where the record is wholly devoid of any fact-finding.
In the final analysis, we hold that Tobias proved by a preponderance of the evidence that Perryman committed perjury, that Perryman's recantation was newly discovered evidence which could not have been discovered prior to trial by the exercise of due diligence, that Perryman's revelations are material to the issue and not merely cumulative or impeaching, and that the absence of Perryman's testimony at a new trial creates a substantial probability that a different result would be reached without the perjured testimony.
REVERSED AND REMANDED FOR NEW TRIAL.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.