# IN THE COURT OF APPEALS 3/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KP-00078 COA

**WILLIE EARL MONTGOMERY**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. DURWOOD GRAY EVANS

COURT FROM WHICH APPEALED: CIRCUIT COURT OF LEFLORE COUNTY

ATTORNEY FOR APPELLANT:

WILLIE EARL MONTGOMERY, *PRO SE*

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS, JR.

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: BREAKING AND ENTERING

TRIAL COURT DISPOSITION: GUILTY ON TWO COUNTS OF BURGLARY, ONE COUNT OF ATTEMPTED BURGLARY, AND ONE COUNT OF PETIT LARCENY AND SENTENCED TO A TERM OF 30 YEARS AND 6 MONTHS IN THE MDOC

CERTIORARI FILED: 6/26/97

MANDATE ISSUED: 9/5/97

BEFORE THOMAS, P.J., PAYNE AND SOUTHWICK, JJ.

THOMAS, P.J., FOR THE COURT:

Willie Earl Montgomery was indicted on seven separate counts of burglary of a dwelling, and brought to trial on all seven counts. At the close of the State's case-in-chief, the court dismissed Counts III and VII, allowed Count II to be amended to a charge of petit larceny, allowed Count V to be amended to a charge of attempted burglary, and allowed the remaining three counts to go the jury under the original indictment. The jury returned a verdict against Willie Montgomery and he was convicted of two counts of burglary, one count of attempted burglary, and one count of petit larceny. A mistrial was declared on Count VI of burglary of a dwelling because the jury was unable to unanimously agree on a verdict. Willie Montgomery was sentenced to serve a ten year term on each count of burglary, a ten year term on the count of attempted burglary, and serve a six month term on the count of petit larceny. All sentences are to run consecutively in the custody of the Mississippi Department of Corrections for a total sentence of thirty years and six months. This case was tried by appointed counsel, but the brief and appeal are prosecuted *pro se*. Willie Montgomery appeals assigning ten issues as error; we affirm all issues but with curative instructions to the trial court on the six month count of petit larceny, which will be addressed herein.

## FACTS

Willie Earl Montgomery and Robert Ivory were indicted on July 26, 1993, on seven counts of breaking and entering with the intent to steal. Ivory plead guilty to Count I of the indictment in return for dismissal of the other charges and as agreement to testify for the State against Willie Montgomery.

Count I of the indictment charged Willie Montgomery and Ivory with breaking and entering the dwelling of Hattie Silas with the intent to steal items contained in the house. The evidence showed that a window had been broken in her home, and that a compact disc player had been stolen. Levoria Montgomery, the defendant's juvenile brother, and Robert Ivory testified on behalf of the State. Ivory and Levoria Montgomery testified they actually broke into Silas' home and took the compact disc player, leaving Willie Montgomery to stand "watch" to ensure that Ivory and Levoria did not get caught. Deputy Everett Overstreet testified that he observed Willie Montgomery in the vicinity of the home at the time of the crime.

Count II of the indictment charged Willie Montgomery and Ivory with breaking and entering the dwelling of Fannie Summerville with the intent to steal. Count II was later amended to a charge of petit larceny. Summerville testified that Willie Montgomery admitted to her that he had taken the ring while he was in Summerville's home with her daughter. When Willie Montgomery testified for himself, he admitted stealing the ring from the home and later pawning the ring.

Count IV of the indictment charged Willie Montgomery and Ivory with breaking and entering the home of Rosie Coleman with the intent to steal. The evidence showed Coleman had a television, VCR, answering machine, cable box, telephone, food and some change stolen from her home. Ivory testified for the State that Willie Montgomery broke a window at Coleman's residence, and then Ivory and Willie Montgomery proceeded to take the items from her home. The television was later sold to Johnny Gilmore by Ivory. Willie Montgomery and Ivory put the television in Gilmore's car.

Count V of the indictment charged Willie Montgomery and Ivory with breaking and entering the home of Alice Roberson with the intent to steal. The indictment was later amended to a charge of attempted burglary. The testimony at trial showed that a window in Roberson's home had been broken by either Willie Montgomery or Ivory. Levoria Montgomery testified for the State that he was standing "watch" and heard the window break, and then saw Willie Montgomery and Ivory pull off the screen to the window attempting to enter the home. The group was scared off by a neighbor.

The trial judge granted a directed verdict for Willie Montgomery on Counts III and VII.

A mistrial was granted on Count VI of the indictment because the jury was unable to agree unanimously on a verdict as to this charge.

Levoria Montgomery, Willie Montgomery's juvenile brother, who also testified for the State, was put on probation before the start of this trial by the Youth Court for his involvement in these incidents.

ANALYSIS

I.

WAS MONTGOMERY DENIED DUE PROCESS OF LAW BY BEING CHARGED AND HAVING HIS CASE TRIED ON THE MULTI-COUNT INDICTMENT?

Montgomery asserts that he was denied due process of law in that he was charged by a multi-count indictment with the commission of seven unrelated burglaries. Montgomery argues that each burglary was a separate act, and therefore, each act should be tried separately. However, Montgomery's counsel failed to object to the multi-count indictment at trial, and a hearing was not held on the matter. Montgomery now argues the indictment constituted plain error, and that no objection was necessary because his fundamental rights were affected. The State contends Montgomery was required to object at trial, and his failure to do so precludes him from raising this issue on appeal.

Montgomery's trial counsel failed to object to the multi-count indictment at trial, and therefore, he is procedurally barred from arguing this matter on appeal. *Moawad v. State*, 531 So. 2d 632, 634 (Miss. 1988). Montgomery also failed to assign this error as a ground for a new trial in the lower court. "A trial judge cannot be put in error on a matter which was not presented to him for decision." *Ponder v. State*, 335 So. 2d 885, 886 (Miss. 1976).

Without waiving the procedural bar, we find this assignment does not warrant reversal. Upon the enactment of § 99-7-2 of the Mississippi Code Annotated, and the acceptance of the statute by the Supreme Court, *McCarty v. State*, 554 So. 2d 909 (Miss. 1989), this state allows defendants to be

charged with two or more offenses in the same indictment. The guidelines for the severance procedure are set out in *Corley v. State*. In *Corley*, the Supreme Court held:

> When a defendant raises the issue of severance, we recommend that a trial court hold a hearing on the issue. The State, then, has the burden of making a prima facie case showing that the offenses charged fall within the language of the statute allowing multi-count indictments. If the State meets its burden, a defendant may rebut by showing that the offenses were separate and distinct acts or transactions. In making its determination regarding severance, the trial court should pay particular attention to whether the time period between the evidence proving each count would be admissible to prove each of the other counts, and whether the crimes are interwoven.

*Corley*, 584 So. 2d 769, 772 (Miss. 1991).

In a footnote to the case, the Supreme Court noted:

> Additionally, if the trial court denies a motion for a severance or a *motion is not made*, we recommend that the trial court caution the jury that although the case before the jury involves charges of more than one offense, proof of guilt on one count is not proof of guilt on the other(s).

*Id.* at 772-73 n.2 (emphasis added).

> In the case *sub judice*, the trial judge gave instruction C-CR-7, which in pertinent parts states:

> The Court instructs the jury that you must consider the guilt or innocence of the defendant as to each of the 7 counts separately and you must return a separate verdict as to each of the 7 counts on which the defendant has been tried.

Although the trial judge could have been more specific in his instructions to the jury, he did not commit reversible error. This instruction properly allowed the jury to decide the guilt or innocence of Willie Montgomery on each separate count of the indictment.

Montgomery's counsel did not object to the multi-count indictment at trial, nor in his post trial motions, but he next contends that his fundamental rights were affected and no objection was required. The case law in this state, along with Mississippi Code Annotated § 99-7-2, provide that one does not have a fundamental right to be charged with and tried under a single-count indictment. Therefore, Montgomery's fundamental rights were not affected.

II.

### DID THE TRIAL COURT ERR WHEN IT REFUSED TO GIVE INSTRUCTION D-2?

III.

### DID THE TRIAL COURT ERR WHEN IT REFUSED TO GIVE INSTRUCTION D-7?

III.

### DID THE TRIAL COURT ERR WHEN IT REFUSED TO GIVE INSTRUCTION D-8?

The instructions relating to the above assigned errors follow:

### Instruction D-2

The Court instructs you that a verdict of "not guilty" in this case simply means, and means nothing more, that in the judgment of the jury that the State has failed to prove the Defendant's guilt beyond a reasonable doubt.

### Instruction D-7

The Court instructs the Jury that under the law, no jury should nor has the right to convict the Defendant, Willie Earl Montgomery, of a crime upon mere suspicion, regardless of how strong that suspicion may be not simply because there may be a preponderance of evidence against Willie Earl Montgomery, not merely because there is or may be a reason to suspect that Willie Earl Montgomery, is guilty. The Court now instructs you, gentlemen and ladies of the Jury, that suspicion, no matter how strong or great or how convincing, never rises to the dignity of evidence under law, and before a jury on oath can lawfully convict, they must be convinced upon evidence and evidence alone that the Defendant, Willie Earl Montgomery, is guilty beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence of the crime of burglary of dwelling.

### Instruction D-8

The Court instructs the jury that the burden of proof of each and every material element of the alleged crime in this case against the Defendant, Willie Earl Montgomery, is upon the State of Mississippi, and if you have a reasonable doubt, either from the evidence or lack of evidence that the State of Mississippi has failed to meet its burden of proof of any element of the crime alleged in this case, then it is your sworn duty as a juror to vote "not guilty."

The trial judge refused to submit each instruction to the jury. Montgomery argues that each instruction was a proper instruction, and the failure of the trial court to grant each instruction constituted reversible error. The State argues that each instruction had already been adequately covered by previously granted instructions.

The trial judge submitted the following instructions on the burden of proof:

### Instruction C-CR-8

The mere fact that person has been charged with a crime and has been indicted by a grand jury is no indication whatever that he is guilty of the crime. In fact, the law presumes every person charged with the commission of a crime to be innocent at the outset of the trial. This presumption of innocence stays with the Defendant and prevails unless, and until, it is overcome by evidence which satisfies you of the Defendant's guilt beyond a reasonable doubt. The burden of proving the Defendant guilty of every material element of the crime is upon the State of Mississippi. Before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the Defendant is guilty. The Defendant is not required to prove his innocence.

### Instruction D-6

The Court instructs the Jury that a reasonable doubt of guilt may arise from the evidence, or from a lack of evidence, or from an insufficiency of the evidence, or from a conflict in the evidence, or from an application of the law in these instructions to the evidence, or from credibility of a material witness, but however it may arise, if it does arise, it demands a verdict of not guilty at your hands.

The pertinent parts of instruction C-Cr-1a are as follows:

The authority thus vested in you is not an arbitrary power but must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give to you.

Your duty is to determine the facts from the evidence produced in open court and to apply the law to the facts and, in this way, decide the case. You should not be influenced by bias, sympathy or prejudice. Your verdict should be based on the evidence and not upon speculation, guesswork or conjecture.

In deciding the facts in this case, you are the sole judges of what weight and what

credibility will be assigned the testimony and supporting evidence of each witness. You are required and expected to use your good common sense and sound honest judgment in considering and weighing the testimony of each witness who has testified in this case.

We have reviewed the instructions requested by Montgomery and refused by the trial court and find them to be repetitious of other instructions offered to the jury. Granted instructions C-CR-8 and D-6 adequately instructed the jury on the burden of proof. Therefore, D-2 and D-8 were properly refused. The pertinent principles in D-7 were properly covered in C-Cr-1a. Montgomery further argues Instruction D-7 should have been granted because it provided the proper standard of proof for a circumstantial evidence case. However, this case was not one based on circumstantial evidence, and therefore the instruction was not required. The Supreme Court has held that "[a] trial court is not required to instruct a jury over and over on a principal of law even though some variations are used in different instructions." *Laney v. State*, 486 So. 2d. 1242, 1246 (Miss. 1986). "Furthermore, all instructions are to be read together and if the jury is fully and fairly instructed by other instructions the refusal of any similar instruction does not constitute reversal error." *Id.*

V.

DID THE TRIAL COURT ERR IN DENYING MONTGOMERY'S MOTION FOR A DIRECTED VERDICT AND WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

VI.

DID THE TRIAL COURT ERR IN FAILING TO GRANT MONTGOMERY'S MOTION FOR A NEW TRIAL?

Montgomery moved for a directed verdict on all counts of the indictment at the close of the State's case-in-chief. The trial judge amended Count II of the indictment to petit larceny, dismissed Counts III and VII, and amended Count V of the indictment to attempted burglary. The motion for a directed verdict was overruled on all other charges. The jury found Montgomery guilty on two counts of breaking and entering, one count of attempted burglary and one count of petit larceny.

These assignments of error test the sufficiency and weight of the evidence. To test the sufficiency of the evidence of a crime, this Court must

[w]ith respect to each element of the offense, consider all of the evidence - not just the evidence which supports the case for the prosecution - in the light most favorable to the verdict. The credible evidence which is consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one

or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty.

*Wetz*, 503 So. 2d at 808 (citations omitted).

The standard of review employed upon a challenge to the weight of the evidence, in a criminal case,

is provided by *Thornhill v. State*, 561 So. 2d 1025 (Miss. 1989):

In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.

*Thornhill* at 1030 (citations omitted).

As delineated earlier in the opinion, suffice it to say that the evidence was sufficient to allow the case to go to the jury, and the verdict was not against the overwhelming weight of the evidence.

VII.

DID THE TRIAL COURT ERR IN FAILING TO GRANT A MISTRIAL UPON LEARNING TWO WITNESSES HAD PERJURED THEMSELVES?

Montgomery contends that two State witnesses, Even A. Banks and Johnny Gilmore, committed perjury on the stand. Banks initially told the police that Willie Montgomery tried to get Banks to say that he bought a stolen television, found in his possession, from a "crack-head." On the witness stand, Banks could not recall if he made this statement to the police. Gilmore made a prior statement to the police asserting that when he bought a stolen television from Willie Montgomery, he observed that Willie Montgomery was in possession of a telephone and an answering machine. Gilmore denied on the witness stand that he told the police Willie Montgomery had a telephone and answering machine in his possession. The trial court placed each witness into custody. Montgomery asserts the trial judge should have, at that point, informed the jury of the witnesses' perjury in order to place the credibility of each witness at issue. Further, Montgomery contends the trial court should have granted a mistrial when it learned of the perjured testimony. The State contends that since Montgomery did not raise this issue at trial, he is barred from raising it for the first time on appeal. The State further contends that the perjured testimony helped Montgomery, and therefore he has no legitimate

complaint.

Montgomery did not raise this issue at trial, and therefore, he is barred from raising this issue on appeal. *Moawad v. State*, 531 So. 2d 632, 634 (Miss. 1988). As stated previously, "[a] trial judge cannot be put in error on a matter which was not presented to him for decision." *Ponder v. State*, 335 So. 2d 885, 886 (Miss. 1976). Without waiving the procedural bar, we find no merit to this contention. Furthermore, Montgomery cites no relevant authority to support his assertion.

Montgomery contends the trial judge should have informed the jury about the perjured testimony of the State's witnesses. If the trial judge had informed the jury of its action, the judge would have, in effect, told the jury not to believe the testimony of either witness, and he would have, in effect, substituted his judgment on an issue of credibility rightly left for the jury. This would have only hurt Montgomery because the perjured testimony was in his favor.

Montgomery next asserts the trial judge should have granted a mistrial when he learned of the perjured testimony. He cites *Tobias v. State*, 505 So. 2d 1014 (Miss. 1987), and *In re Smith*, 457 So. 2d 911 (Miss. 1984), to make this argument. Both of these were post-conviction relief cases dealing with a witness recanting his testimony after the completion of the trial, and the Supreme Court allowed both defendants an application of post-conviction relief. In this case, the prosecutor, during the State's case in chief, attacked the truthfulness of each witness in front of the jury after each witness recanted what he had previously stated to the police. There was no reason for the trial judge to grant a mistrial on this issue. The State discredited each witness by putting on the police officers to whom Banks and Gilmore made their statements. This allowed the jury to determine the credibility of each witness and decide for themselves if each was telling the truth.

## VIII.

### DID THE TRIAL COURT ERR IN ALLOWING THE INDICTMENT TO BE AMENDED?

At the close of the State's case-in-chief, the trial court allowed the State to change Count V of the indictment from burglary of a dwelling to attempted burglary, and also change Count II from burglary of a dwelling to petit larceny. Montgomery asserts the trial court committed error in allowing the State to amend the indictments because the amendment amounted to surprise and prejudice to Montgomery. He also contends the sentence on the petit larceny conviction is improper because the law mandates that a sentence for petit larceny shall be punished by imprisonment in the county jail not exceeding six months. The State contends that the amendments did not create an undue burden on Montgomery.

The Mississippi Supreme Court has stated:

> Section 99-17-13 of the Miss. Code Ann. (1972), provides for amendments to criminal indictments during the course of a trial in limited situations. However, any amendment, to be permissible, must be in form and not substance. We have adopted the following test to determine whether an amendment to an indictment results in prejudice to the defendant:
>
>> The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or

information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.

*Reed v. State*, 506 So. 2d 277, 279 (Miss. 1987) (citations omitted).

Montgomery does not explain how any defense or any evidence that he planned to present or actually did present was rendered inapplicable as a result of the amendments. Nor do we see how such could be the case. Accordingly, we are of the opinion that the amendments were one of form and not one of substance. Montgomery's contention that granting the amendments was error is without merit and therefore fails.

As a subpart to this assignment, Montgomery contends that the trial court's imposition of a six month sentence on Count II, to run consecutively in the state penitentiary with the other three sentences, is improper under state law. The statute provides that a person guilty of petit larceny "shall be punished by imprisonment in the county jail not exceeding six (6) months . . . ." Miss. Code Ann. § 97-17-43 (1972). Montgomery is correct in his assertion that the trial judge erred when sentencing him to serve his conviction as to Count II in the state penitentiary. However, the term imposed of six months on Count II is permissible and will not be disturbed; however, upon receipt of this mandate, the trial court shall correct its sentencing order as to Count II and the clerk its commitment papers to reflect that Montgomery shall serve his sentence for this crime in the county jail.

IX.

WAS MONTGOMERY DEPRIVED OF HIS 6th AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?

Willie Montgomery cites numerous reasons why his counsel was ineffective. The Mississippi Supreme Court adopted the *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984), standard for evaluating ineffective assistance of counsel claims. *Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995). A defendant has to show that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. *Id.* It is required that the defendant prove both elements. *Brown v. State*, 626 So. 2d 114, 115 (Miss. 1993); *Wilcher v. State*, 479 So. 2d 710, 713 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

[T]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990) (quoting *Strickland*, 466 U.S. at 691).

Montgomery complains that he was denied effective assistance of counsel on four separate violations. First, he argues that counsel failed to properly investigate his case, and prepare an adequate defense. However, Montgomery fails to make any claim as to how counsel did not investigate his case or how his defense was inadequate.

Montgomery contends that counsel failed to object to the multi-count indictment with which he was charged. Counsel's decision in this regard can only be viewed as one of overall defense strategy. Furthermore, a review of the indictment and record reveals such a motion would have been fruitless.

Montgomery also argues that trial counsel failed to move for a mistrial when it was discovered that Banks and Gilmore had committed perjury. As stated previously, the perjury was in favor of Willie Montgomery. Therefore, counsel was not ineffective in failing to move for a mistrial.

Finally, Montgomery contends that trial counsel filed an improper motion for a new trial, contending trial counsel should have included the "valid claims" in the motion that are set out in his *pro se* brief. Although we found procedural bar on those claims not preserved below, we have nonetheless considered their merits and found them wanting. We have considered all of Montgomery's arguments, and he has not been procedurally prejudiced on any issue because of counsel's failure to include Montgomery's arguments in the motion for new trial.

Montgomery has failed to show that his trial counsel's performance was deficient, and that this deficiency deprived him of a fair trial. Therefore, he has failed to prove that he was denied his sixth Amendment right to effective assistance of counsel.

X.

DID THE CUMULATIVE EFFECT OF THE AFORESAID ERRORS DEPRIVE MONTGOMERY OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL?

Montgomery asserts that the cumulative effect of each error acted to deprive him of his constitutional right to a fair trial. The State contends that Montgomery has failed to demonstrate that he has been denied a fair trial.

As previously discussed under each separate assignment of the case, we found no reversible error was committed in the trial of this case. Therefore, we find no merit to this issue. *Powell v. State*, 662 So. 2d 1095, 1100 (Miss. 1995).

**THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE OF 10 YEARS; COUNT IV, BURGLARY OF A DWELLING, AND SENTENCE OF 10 YEARS CONSECUTIVE WITH COUNT I; COUNT V, ATTEMPTED BURGLARY, AND SENTENCE OF 10 YEARS CONSECUTIVE WITH COUNTS I AND IV, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED; AND COUNT II OF PETIT LARCENY WITH A SENTENCE OF 6 MONTHS IS AFFIRMED WITH INSTRUCTIONS TO THE TRIAL COURT FOR SENTENCE TO BE CORRECTED TO**

SHOW THAT THE SENTENCE SHALL BE SERVED IN THE COUNTY JAIL. ALL COSTS ARE TAXED TO APPELLANT.


BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.