McMILLIN, C.J., for the Court:
¶ 1. Walter L. McVeay’s earlier appeal from a ruling denying his claim to post-conviction relief due to ineffective assistance of counsel, decided by this Court in McVeay v. State, 754 So.2d 486 (Miss.Ct.App.1999), resulted in the matter being remanded for an evidentiary hearing on one issue. That issue was whether *580 McVeay’s trial counsel’s alleged failure to advise McVeay that he had, at least on the face of the record, a potential constitutional denial of speedy trial claim before McVeay entered a guilty plea to the pending charge constituted ineffective assistance of counsel.
¶ 2. Upon remand, the mandated eviden-tiary hearing was held, the result of which was a finding by Circuit Court Judge Sa-mac Richardson, specially appointed to hear the matter, that McVeay had failed to show that his counsel’s performance in this area was so deficient as to have denied him effective representation guaranteed him under the Sixth Amendment to the Constitution of the United States. McVeay has appealed that ruling, claiming that the trial court’s decision must be set aside in that it was (a) based solely, or at least substantially, on perjured testimony, and (b) the record demonstrates that McVeay was, in fact, not fully advised of his potential speedy trial claims prior to his decision to enter a guilty plea. We find these issues to be without merit and affirm the denial of McVeay’s claim for post-conviction relief.
I.
Perjured Testimony Claim
¶ 3. During testimony at the hearing on remand from this Court, McVeay’s trial attorney testified that he had counted the days from McVeay’s arraignment to the anticipated trial date and determined that there would not be a violation of the relevant statute requiring the trial to follow within 270 days of arraignment. Miss. Code Ann. § 99-17-1 (Rev.2000). In this appeal, McVeay alleges that the record does not show that he was ever formally arraigned and that this necessarily proves that trial counsel was offering perjured testimony. Such a harsh assessment of trial counsel’s testimony fails to take into account the possibilities that either (a) trial counsel was simply mistaken as to matters that occurred some five years prior to his testimony, or (b) that there was, in fact, some sort of arraignment procedure at which McVeay entered a not guilty plea and that, through oversight, a record of that arraignment was not preserved. In all events, the matter is irrelevant. If McVeay had never been arraigned then, by definition, a statutory 270-day violation could not have occurred and counsel would have had no basis to advise his client as to the possibility of such a violation. If there had been an arraignment, as counsel believed, then in all likelihood, the trial date of May 6, 1996 would have been within the 270 days set out in the statute since McVeay was indicted on July 11, 1995, some 300 days prior to his trial date, and there was evidence that McVeay himself had sought a continuance from a prior trial date set for January 29, 1996 (202 days after his indictment.) Since McVeay requested the continuance, it is doubtful that the time after the January setting would be charged against the State for purposes of computing a 270-day statutory speedy trial violation. Bosarge v. State, 786 So.2d 426, 434 (¶ 24) (Miss.Ct.App.2001). Thus, even if we assume that trial counsel purposely attempted to mislead the court as to his efforts to determine whether there might have been a statutory 270-day violation, it is impossible to discover any prejudice to McVeay arising out of that testimony.
II.
Attorney Incompetence
¶ 4. This leaves, of course, the matter of a potential constitutional speedy trial violation arising independent of the statute under the Sixth Amendment, and the possibility that trial counsel mishandled that *581 issue. McVeay was arrested on March 9, 1995, which was 424 days prior to his ultimate trial date of May 6, 1996. That exceeds the presumptively prejudicial period of eight months as determined by the Mississippi Supreme Court. Smith v. State, 550 So.2d 406, 408 (Miss.1989). However, McVeay’s trial counsel testified that, because the defense had obtained a continuance from the original trial date, he concluded that a constitutional claim had little chance of success and that he, in fact, discussed the matter with his client. McVeay, for his part, denied that such a discussion occurred.
¶ 5. In post-conviction relief proceedings, the trial court sits as trier of the fact. Tobias v. State, 584 So.2d 1276, 1278 (Miss.1991). The trial court found on the record that
I do not see any evidence that the Defendant was improperly advised or there was a failure to advise of a possible violation of the constitutional right to a speedy trial. The attorney, Mr. Ishee, testified that they did talk about it and they did discuss it.
¶ 6. There is implicit in these findings, even if not explicitly stated, a determination that the court found the attorney’s testimony more credible than MeVeay’s. Trial strategy and decisions in furtherance of that strategy are matters in which the attorney has substantial latitude. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). There is, in addition, a strong presumption that the attorney’s performance falls within the standards for reasonably competent representation. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Negotiating for a favorable plea recommendation in exchange for a guilty plea can be, in most jurisdictions of this state, a legitimate part of a defense counsel’s duties. It could well be that, when there is overwhelming evidence of guilt, a defense attorney would think it advisable to refrain from possibly antagonizing the prosecution by pursuing a speedy trial claim that had little or no chance of success as a precursor to attempting to negotiate a plea agreement on favorable terms for his client. Affording the deference to the trial court’s findings of fact that we are mandated to give by case law, we find McVeay’s claim that his attorney was deficient in his performance by entirely failing to advise him concerning speedy trial issues to be without merit.
¶ 7. The possibility remains that the attorney’s advice on the question was so defective that McVeay was persuaded to plead guilty when there was some chance that a constitutional speedy trial claim would have resulted in his avoiding any prosecution. Previous decisions have made it clear that there is a high threshold to obtain relief on such a claim. The proponent must demonstrate that, but for the deficient performance of counsel, there was a substantial likelihood that the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After our review of the record, we are unconvinced that McVeay has come close ’to demonstrating that, had his attorney better grasped the constitutional principles involved, he could have successfully pursued a dismissal of all charges because the State’s delays in bringing him to trial had violated the applicable provisions of the Sixth Amendment. For that reason, we find this issue likewise to lack merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, *582 MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.