SOUTHWICK, P.J.,
FOR THE COURT:
¶ 1. Bobby Leonard Gray appeals the decision of the Wayne County Circuit Court to deny his petition for post-conviction relief. He asserts that the court had lacked jurisdiction to try him and that he was entitled to an evidentiary hearing on his petition for relief. We disagree and affirm.
FACTS
¶ 2. This is the third denial of post-conviction relief for Gray and the second appearance before this Court. In July 1998, Gray was convicted of sale of cocaine following a jury trial. A confidential informant, Brandy Edwards, testified at trial that she had purchased cocaine from Gray. The transaction was personally witnessed by Simone Reeves, a narcotics law enforcement officer, and it was videotaped. Gray was sentenced,to thirty years which was enhanced under the habitual offender statute to sixty years’ imprisonment without benefit of parole.
¶ 3. The first petition for post-conviction relief was filed in January 1999, alleging a variety of errors in the trial court. The petition was denied without benefit of an evidentiary hearing. Gray filed notice of appeal but withdrew it a few days later. Instead, he filed a second petition for post-conviction relief, claiming that the indictment against him had been forged. He also submitted an affidavit from Brandy Edwards recanting her trial testimony. Edwards swore that she had perjured herself under pressure from the district attorney’s office.
¶ 4. The trial court summarily dismissed the petition as violating the bar to successive motions. Miss.Code Ann. § 99-39- *206 23(6) (Rev.2000). The denial was appealed to this Court. In December 2001, we reversed the summary dismissal, finding that Gray’s allegation of a manufactured indictment concerned a fundamental constitutional right which was not subject to summary procedural dismissal. Gray v. State, 819 So.2d 542, 544 (Miss.Ct.App.2001). We disclaimed any belief that the indictment was manufactured. We only said that the mere outrageousness of the claimed misconduct was not a reason on which we could rule when the trial court had dismissed on inappropriate procedural grounds. We also directed the trial court to consider the affidavit by the confidential informant recanting her trial testimony. Id. at 547-48.
¶ 5. On remand, the trial court reviewed the claims made by Gray, entered extensive findings of fact without an evidentiary hearing, and denied the petition. Gray again appeals.
DISCUSSION
¶ 6. The trial court addressed the factual allegations both as to the indictment and as to the confidential informant. We examine each issue.

1. Indictment

¶ 7. Gray argues that his evidence proves that no grand jury was in session on the date of his indictment. He submitted affidavits from members of the jury pool called for duty the first week of January 1998, all swearing that no grand jury was convened that week. Some of the affiants indicate that they were called to serve on a grand jury, while others refer more generally to jury duty. Gray also urges that the absence of an order in the court records calling for the convening of a grand jury is prima facie evidence that none was convened. As we noted in our earlier opinion, private individuals who have been called to the courthouse for any purpose are unlikely to have personal knowledge about whether a grand jury was then meeting. Gray, 819 So.2d at 546.
¶ 8. The State on remand submitted affidavits from the district attorney, the circuit clerk, the foreman of the grand jury and an investigator from the district attorney’s office, all swearing that the jury was convened, the case against Gray was presented, and an indictment was properly issued. In addition, the district attorney and the circuit clerk averred that it was not the policy of the Wayne County Circuit Court to issue an order to convene a grand jury. Rather, the schedule is set by administrative order and juries are convened on that schedule without further action by the court. Finally, in his order denying the petition, the trial judge found that he had presided over the qualification of the grand jury in question.
¶ 9. After an answer has been filed and discovery, if any, is completed, it is the trial court’s duty to determine whether or not an evidentiary hearing is warranted on a petition for post-conviction relief. Miss.Code Ann. § 99-39-19(1) (Rev.2000). An evidentiary hearing is not mandated merely because of the existence of contradictory affidavits, as we have here. Wright v. State, 577 So.2d 387, 390 (Miss.1991). Where there is unimpeachable documentary evidence which belies the petitioner’s contrary affidavits, a hearing is not required. Id.
¶ 10. Grand juries are ordinarily impaneled only twice per year. Miss.Code Ann. § 13-5-39 (Rev.2000). In districts comprised of more than one county, the circuit court shall enter an order setting the terms of court annually before October 1 of the preceding year. Miss.Code Ann. § 9-7-3(2) (Rev.2000). Gray asserts that the administrative order alone calling for a grand jury in January 1998 is insufficient *207 but cites no authority to substantiate this claim. We find none either. We conclude that the convening of this grand jury was properly ordered.
¶ 11. The evidence that a grand jury was convened for January 1998 is overwhelming. In addition to the affidavits previously described, in the record is a copy of the indictment itself, a list of the names and addresses of the individuals who served, and the final report of the grand jury.
¶ 12. While the affidavits submitted by Gray assert that no grand jury was convened that week, they do not contain any basis for knowledge other than that the affiants themselves were never selected for the grand jury. The existence of official documentation such as the grand jury final report adequately discredits these affidavits. Official acts of public bodies are afforded a strong presumption of validity. Raper v. State, 317 So.2d 709, 712 (Miss.1975). Gray has not rebutted this presumption.

2. New Evidence

¶ 13. Gray next argues that he was entitled to a new trial or an evidentia-ry hearing on the claim of new evidence, the basis of which was the affidavit of Brandy Edwards’ recanting her trial testimony that she purchased drugs from Gray.
¶ 14. There are precedents that when an indispensable witness to the State’s case recants, an evidentiary hearing on the matter may be required. E.g., Tobias v. State, 505 So.2d 1014, 1015 (Miss.1987). The trial court found that Edwards was not an indispensable witness because the State had also put on testimony by Simone Reeves, a narcotics officer, who was present at the drug sale. Reeves testified to the events she witnessed and identified Gray as the seller of the cocaine. We find no reason for an evidentiary hearing because of the recantation, since the recan-ter’s testimony was corroborated by Reeves.
¶ 15. Gray also asked that he be granted a new trial, not just a post-conviction evidentiary hearing, on the basis of this new evidence. Gray has to show that the newly discovered evidence would probably produce a different verdict. Meeks v. State, 781 So.2d 109, 112 (Miss.2001). Although we do not have the trial transcript available to us, the record indicates that the testimony of Reeves and Edwards mirrored each other in factual content. Assuming Edwards did not testify at a second trial, the same facts would be before the jury through the testimony of Reeves alone. We cannot find that having only one explanation of these facts would probably have altered the jury’s verdict.
¶ 16. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.