933 So.2d 1052 (2006)
Brian O. STEEN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00650-COA.
Court of Appeals of Mississippi.
July 18, 2006.
*1053 Brian O. Steen, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. On January 23, 2002, Brian O. Steen pled guilty to armed robbery and was sentenced by the Circuit Court of Calhoun County to thirty years with fifteen years suspended, leaving fifteen to serve in the custody of the Mississippi Department of Corrections and five years of post-release *1054 supervision. Steen filed his petition for post-conviction relief on December 17, 2004, and the Circuit Court of Calhoun County denied this petition on March 10, 2005. Aggrieved by the trial court's ruling, Steen appeals raising the following four issues:
I. WHETHER OR NOT STEEN'S GUILTY PLEA WAS ENTERED INTO KNOWINGLY AND INTELLIGENTLY.
II. WHETHER OR NOT STEEN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
III. WHETHER OR NOT STEEN'S SENTENCE VIOLATED HIS CONSTITUTIONAL RIGHTS.
IV. WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT DISMISSED STEEN'S PETITION FOR POST-CONVICTION RELIEF AS BEING TIME-BARRED.

DISCUSSION
¶ 2. Post-conviction collateral relief is "to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for direct appeal. See Cole v. State, 666 So.2d 767, 772-73 (Miss.1995).

STANDARD OF REVIEW
¶ 3. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id. at 598(¶ 6).

I. WHETHER OR NOT STEEN'S GUILTY PLEA WAS ENTERED INTO KNOWINGLY AND INTELLIGENTLY.
¶ 4. Steen claims that he did not know all the consequences when he entered his plea of guilty. However, the trial judge questioned him thoroughly at sentencing, and he signed a petition to enter a plea of guilty on January 23, 2002. This petition along with the trial judge explained the waiver of rights as a result of a guilty plea.
¶ 5. A guilty plea is not binding unless it is voluntarily and intelligently entered into by the criminal defendant. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). A plea is considered voluntary and intelligent when the defendant is advised concerning the nature of the charge against him and the consequences of the plea. See Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must also be told that a guilty plea waives all right to a jury trial. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Steen was advised of his rights; therefore, this issue has no merit.

II. WHETHER OR NOT STEEN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 6. In order to prove ineffective assistance of counsel, Steen must prove by a preponderance of the evidence that (1) counsel's performance was defective, and (2) the defect was so prejudicial that it prevented Steen from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss. *1055 1994). The proper standard that is required to show prejudice requires Steen to prove that there is a reasonable probability that, but for counsel's errors, the trial court's result would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. 2052 The burden is on Steen to prove both prongs of the test. Id. Steen has failed to prove that his counsel was ineffective; therefore, this issue has no merit.

III. WHETHER OR NOT STEEN'S SENTENCE VIOLATED HIS CONSTITUTIONAL RIGHTS.
¶ 7. A trial court will not be held to have abused its discretion if the sentence imposed is within the limits fixed by statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984). Usually a sentence cannot be disturbed on appeal as long as it does not exceed the maximum term set by statute. Fleming v. State, 604 So.2d 280, 302 (Miss.1992). Also, the supreme court has held that a sentence which does not exceed statutory limits is not cruel or unusual punishment. Baker v. State, 394 So.2d 1376, 1378 (Miss.1981). It is the legislature's prerogative and not this Court's to set the length of sentences. Stromas v. State, 618 So.2d 116, 123 (Miss. 1993).
¶ 8. Steen was sentenced in accordance with Mississippi Code Annotated section 97-3-79 (Rev.2000), which states that every person convicted of armed robbery can be sentenced to life by a jury or when the jury does not give the sentence, the judge may sentence the defendant to imprisonment for any term not less than three years. Steen was sentenced to thirty years with fifteen suspended and the remaining fifteen to be served in the custody of the Mississippi Department of Corrections and five years post-release supervision. This sentence is within the statute. When the trial judge imposes a sentence within the statutory guideline, the sentence will generally be upheld and will not be thought to invoke the Eighth Amendment right against cruel and unusual punishment. Peterson v. State, 740 So.2d 940, 950(¶ 31) (Miss.Ct.App.1999). Therefore, this issue is without merit.

IV. WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT DISMISSED STEEN'S PETITION FOR POST-CONVICTION RELIEF AS BEING TIME-BARRED.
¶ 9. Steen argues that the trial court erred when it ruled that his petition for post-conviction relief was time-barred and therefore dismissed. Steen pled guilty on January 23, 2002. According to Mississippi Code Annotated section 99-39-5 (Rev. 2000), there is a three year statute of limitations for a prisoner to file a petition for post-conviction relief. Wright v. State, 821 So.2d 141(¶ 3) (Miss.Ct.App.2000). Steen filed his first petition for post-conviction relief on February 4, 2004, in the Circuit Court of Calhoun County. The circuit court denied Steen's motion on February 25, 2004, as being frivolous and unintelligible. Steen did not seek an appeal from the February 25, 2004 order. On May 27, 2004, the supreme court issued an order stating that there was no evidence of a direct appeal and that this motion should be dismissed without prejudice and sent back to the trial court. There was no direct appeal because this was a guilty plea. However, Steen filed another petition for post-conviction relief in the Circuit Court of Calhoun County on December 17, 2004. The circuit court also denied this motion stating that on March 14, 2005, it was time-barred.
¶ 10. Mississippi Code Annotated section 99-39-27(9) (Supp.2005) states that the denial or dismissal of an application *1056 under this section with regard to a petition for post-conviction relief is a final judgment and shall bar a successive application under this chapter. This section also lists several exceptions which are not applicable in this case. After the trial court made its ruling on February 25, 2004, they no longer had jurisdiction to rule on a second petition. Jackson v. State, 811 So.2d 340, 342(¶ 6) (Miss.Ct.App.2001). However, the Mississippi Supreme Court issued an order dismissing Steen's motion without prejudice and sent it back to the trial court, after the trial court issued the first ruling. This Court is faced with an incomplete record which did not include Steen's motion to the supreme court or a date of its filing. We must now decide whether procedural bars under the post-conviction collateral relief act are applicable in this case, without a complete record. Steen, as the appellant, has the duty to provide this Court with a copy of the record of the trial court's proceedings. Jackson v. State, 684 So.2d 1213, 1216 (Miss.1996).
¶ 11. Steen as the petitioner in this case has the burden of proving that his claim is not procedurally barred. Massey v. State, 843 So.2d 74, 75(¶ 7) (Miss.Ct. App.2003). Steen argues that the trial court based its decision on the procedural bar; therefore, the State can not rely on that issue here. However, this Court has ruled that for the sake of judicial economy an appellate court can affirm the trial court if the right result is reached for the wrong reasons. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). The State asserts that when the circuit court denied Steen's second motion for post-conviction relief as being time-barred, the trial judge did not mean time-barred according to the three year statute of Miss.Code Annotated section 99-39-5 (Rev 2000), instead he meant the case was procedurally barred. However, this Court will not try to assume what the trial judge meant in that motion, nor will we try to assume the content of the motion which resulted in the supreme court's order dated May 27, 2004. Instead this Court will affirm the trial court's ruling from the merits of the case.
¶ 12. We find that the outcome is correct. While the circuit court may have erroneously based its denial of the petition for post-conviction relief as being time-barred, we are not restricted to the circuit court's reasons for the result it reached. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). We find the circuit court was correct in denying Steen's petition but for the reasons set forth in this opinion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.