CARLTON, J.,
for the Court:
¶ 1. Joe Solomon Pruitt filed a motion for post-conviction relief (PCR)[1] from his conviction and sentence for armed robbery. The Circuit Court of Monroe County denied the motion without a hearing. Pruitt now appeals. Finding no error, we affirm the circuit court’s judgment.
*972 FACTS
¶ 2. A jury in the Monroe County Circuit Court convicted Pruitt of armed robbery and sentenced him to thirty-five years in the custody of the Mississippi Department of Corrections with five years suspended followed by five years of post-release supervision. Pruitt appealed his conviction and sentence to the Mississippi Supreme Court. The supreme court affirmed the conviction and sentence in Pruitt v. State, 986 So.2d 940 (Miss.2008).
¶ 3. Pruitt subsequently filed a PCR motion on the sole issue of whether a key witness recanted his trial testimony pursuant to Mississippi Code Annotated section 99-39-27(7)(b)(Supp.2011). At trial, Alonzo Jones and James Person both testified that they robbed the Renasant Bank along with the help of Pruitt. In his PCR motion, Pruitt alleged that he had newly discovered evidence consisting of a sworn affidavit[2] from Person. In the affidavit, Person stated: “I, James Person[,] do solemnly swear or affirm that I[,] James Person!,] and Alonzo Jones did plan and execute the robbery of the Renaissance [sic] Bank without the knowledge or willing participation of one Joe Pruitt.”
¶4. The State responded to Pruitt’s PCR motion and argued that nothing at trial or in the record corroborates the assertions set forth in Person’s affidavit. The State further argued that Jones’s trial testimony corroborated the trial testimony of Person that Person now seeks to recant.
¶ 5. The circuit judge subsequently denied Pruitt’s PCR motion after finding that Person failed to constitute an indispensable witness. The circuit judge held:
Both [Jones] and Person testified at the trial that [Pruitt] was a willing participant in the robbery. In fact, both Jones and Person testified that [Pruitt] carried the gun into the bank. Therefore!,] the Court finds that under the facts and circumstances that Person was not an indispensable witness!;] therefore[,] his recanted testimony would not result in a different outcome for [Pruitt]. Furthermore, the Court finds that [Pruitt] has put forth no other evidence to support his claim that he was in fact innocent of the crime charged.
¶ 6. Pruitt now appeals. He argues the circuit court improperly denied his PCR motion without conducting an evidentiary hearing to determine whether Person had recanted his trial testimony. Pruitt also alleges the circuit court erroneously found that Person was not an indispensable witness.
STANDARD OF REVIEW
¶ 7. A circuit judge’s denial of a PCR motion will not be reversed absent a finding that the judge’s decision to deny the motion was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Additionally, we acknowledge the circuit court sits as the trier of fact at the hearing on a PCR motion and resolves any issues of credibility. Henderson v. State, 769 So.2d 210, 213 (¶ 8) (Miss.Ct.App.2000).
DISCUSSION
¶8. On appeal, Pruitt argues that he is entitled to relief from his conviction and sentence based upon the recanted testimony of Person. Pruitt names Person as the only witness who could identify Pruitt as a knowing and willing participate in the armed robbery. Pruitt claims Person was an indispensable witness, and he argues *973 the circuit court erred in failing to conduct an evidentiary hearing before denying his PCR motion.
¶ 9. “A determination of whether or not a new trial should be granted on recanted testimony is reviewed under an abuse of discretion standard.” Farrish v. State, 920 So.2d 1066, 1068 (¶ 9) (Miss.Ct.App.2006) (citation omitted). We note: “As a general rule, recanted testimony is ‘exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.’ ” Howell v. State, 989 So.2d 372, 384 (¶ 33) (Miss.2008) (citation omitted). Therefore, the fact that a witness may change his testimony after the trial does not necessarily entitle the defendant to a new trial. Id. Additionally, to succeed on a motion for new trial due to recanted testimony, a defendant must show that the newly discovered evidence, such as recanted testimony, would probably produce a different verdict. Meeks v. State, 781 So.2d 109, 112 (¶ 8) (Miss.2001).
¶ 10. Pruitt cites to Hardiman v. State 789 So.2d 814, 816 (¶8) (Miss.Ct.App.2001), in support of his argument that he is entitled to an evidentiary hearing to determine whether Person lied at trial or in his affidavit. In Hardiman, this Court held that when an important witness to a crime recants his testimony and offers a reason for providing false testimony at trial, the defendant/movant is entitled to an eviden-tiary hearing to determine whether the witness lied at trial or in his affidavit. Id. at 817 (¶ 12). However, in Hardiman, the recanted testimony came from the sole witness to the actual crime; in the present case, the record shows that two witnesses, Person and Jones, both testified that they robbed the bank with Pruitt. Id. at (¶ 11).
¶ 11. Additionally, in Gray v. State, 841 So.2d 204, 207 (¶14) (Miss.Ct.App.2003), this Court denied Bobby Gray’s request for an evidentiary hearing where the circuit court found that the witness who recanted his testimony was not an indispensable witness. In Gray, the State had presented testimony of Simone Reeves, a narcotics officer who was at the drug sale, also witnessed the crime, and identified Gray as the seller of the cocaine. Id. This Court found “no reason for an evidentiary hearing because of the recantation, since the recanter’s testimony was corroborated by [Officer] Reeves.” Id.
¶ 12. In applying precedent to the case before us on review, we find Person was not an indispensable witness since Jones’s testimony also confirmed that Pruitt had willingly participated in the robbery. Further, Pruitt failed to show that the recanted testimony would probably produce a different verdict. Therefore, after our review of the record, we find no error in the circuit judge’s denial of Pruitt’s PCR motion without an evidentiary hearing.
¶ 13. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR,J., NOT PARTICIPATING.

. Pruitt sought leave from the Mississippi Supreme Court to file his PCR motion in the Monroe County Circuit Court. On May 26, 2010, the supreme court issued an order granting Pruitt leave to file a PCR motion on the issue of whether a key witness had recanted his trial testimony pursuant to Mississippi Code Annotated section 99-39-27(7)(b)(Supp.2011).

. This affidavit does not appear in the record.