FAIR, J.,
for the Court:
¶ 1. In 1998, Bobby Gray was tried for sale of cocaine as a habitual offender. While the jury was deliberating, Gray excused himself to use the restroom and fled the jurisdiction. He was convicted in ab-sentia and sentenced, as a habitual offender, to sixty years imprisonment. While Gray was on the lam, he neglected to file a direct appeal from his conviction and sentence. Instead, Gray has filed a succession of post-conviction relief motions since his capture. Today we address what we believe is his sixth PCR motion,[1] which we find procedurally barred and without merit.
STANDARD OF REVIEW
¶ 2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is proee-durally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 3. ‘When reviewing a lower court’s decision to deny a petition for post conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶4. Gray only raises one issue in his most recent PCR motion: he contends the jury was instructed it could find him guilty of selling, transferring, dispensing or delivering of cocaine when his indictment only alleged sale of cocaine.
¶ 5. Our first question is whether Gray’s claim is procedurally alive. We find that it is not — at least three procedural bars apply under the Uniform Post-Conviction Collateral Relief Act. First, the jury instruction could have been challenged on direct appeal, and since it was not, the issue was waived. As a direct appeal issue, it is res judicata and proee-durally barred in PCR proceedings. See Miss.Code Ann. § 99-39-21(1) (Rev.2007); Loden v. State, 43 So.3d 365, 388 (¶39) (Miss.2010) (“Rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judica-ta.”). Also, the circuit judge noted in his order dismissing Gray’s PCR that this specific claim about the jury instruction was raised in a prior PCR that was denied and never appealed. The second procedural bar is the successive writ; this is Gray’s sixth PCR motion. See Miss.Code Ann. § 99-39-5(2) (Supp.2011). Finally, the *1024 motion is time-barred, as the statute requires that a PCR motion be made within three years of the conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2011).
¶ 6. Gray contends that his fundamental constitutional rights were violated, rendering any procedural bars ineffective. We agree that “errors affecting fundamental constitutional rights are excepted from the procedural bars.” Rowland v. State, 42 So.3d 503, 506 (¶9) (Miss.2010). However, the mere assertion of a constitutional right violation is not sufficient. Means v. State, 43 So.3d 438, 442 (¶ 12) (Miss.2010). To overcome the procedural bars, Gray must give this Court good reason to believe his fundamental constitutional rights were violated, and he falls short.
¶7. Gray’s jury was instructed that it could convict if the proof showed he had sold, transferred, or otherwise dispensed or delivered cocaine. Gray argues that this expanded the allegation in the indictment, which was only that Gray had sold cocaine.
¶ 8. Errors in jury instruction are subject to a harmless error analysis. See, e.g., Neder v. United States, 527 U.S. 1, 8-10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); Kolberg v. State, 829 So.2d 29, 49-51 (¶¶ 39-40) (Miss.2002). The issue Gray has alleged hinges on the specific facts of his trial, but Gray has not made the trial record part of the record in this PCR. “The appellant bears the burden of presenting a record which is sufficient to un-dergird his assignment of error.” Williams v. State, 522 So.2d 201, 209 (Miss.1988). Gray has failed to show that the error, if any, was prejudicial.
¶ 9. Additionally, our review of prior reported decisions concerning Gray’s crime indicates there was never any question about whether Gray sold the drugs (as opposed to giving them away or otherwise transferring without selling):
A confidential informant, Brandy Edwards, testified at trial that she had purchased cocaine from Gray. The transaction was personally witnessed by Simone Reeves, a narcotics law enforcement officer, and it was videotaped.
Gray v. State, 841 So.2d 204, 205 (¶ 2) (Miss.Ct.App.2003). This strongly suggests that any error instructing the jury was harmless.
¶ 10. Gray’s PCR motion is procedurally barred and without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.,
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY. ROBERTS, J., NOT PARTICIPATING.

. While the trial court stated that six PCR motions had been filed, this is only the third time Gray has appealed a PCR denial or dismissal. The others are Gray v. State, 819 So.2d 542 (Miss.Ct.App.2001), and Gray v. State, 841 So.2d 204 (Miss.Ct.App.2003).