# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01116-COA

**STANLEY ADAMS**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/20/2021 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRENT L. WALKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/16/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. A jury convicted Stanley Adams of possession of a firearm by a felon as a non-violent habitual offender in the Rankin County Circuit Court. Adams filed a motion for post-conviction relief (PCR) challenging the sufficiency of the evidence supporting his conviction and the exclusion of certain jury instructions. The circuit court found that his claims lacked merit and dismissed his motion. Adams appeals raising two issues: whether the State's evidence of constructive possession was sufficient to support his conviction, and whether the jury should have been given a circumstantial evidence instruction. Finding no error, we affirm the order denying relief and dismissing Adams's PCR motion.

## FACTS AND PROCEDURAL HISTORY

¶2.     On November 10, 2017, Deputy Daniel Strickland and Deputy Mike Huggs of the Rankin County Sheriff's Office received a call that gunshots were fired from an older-model SUV with no tags. Deputy Strickland and Deputy Huggs drove to the area of Holly Bush Road in Rankin County where the shooting was reported and watched for the SUV. A vehicle matching the description of the SUV drove by the deputies, and they initiated their blue lights and followed the vehicle. The SUV then pulled in a driveway on Holly Bush Road, and Deputy Strickland and Deputy Huggs followed the vehicle into the driveway.

¶3.     Adams exited the passenger side of the vehicle and quickly began walking in the direction of the residence. Deputy Strickland testified that he told Adams to get back in the vehicle, and Adams refused. Deputy Strickland then attempted to detain Adams, but Adams pulled away and told the deputy he could not put his hands behind his back because he was paralyzed on his right side. Subsequently, Deputy Strickland tried to pat Adams down for weapons, at which point Adams fell to the ground near the SUV. While Adams was lying on the ground, Deputy Strickland again attempted to pat him down for weapons, but Adams refused. Backup units were called to assist with the stop, and when they arrived, the officers patted Adams down and placed him in a chair. After Adams had gotten off the ground and was seated in the chair, Deputy Strickland saw a firearm lying on the ground about three feet away from the passenger door of the vehicle where Adams exited. Deputy Strickland testified that the firearm was not there when he first encountered the SUV (before Adams was lying on the ground). After confirming Adams previously had been convicted of a felony, Adams was placed under arrest for possessing a firearm as a felon.

2

¶4.　Adams was brought to trial in the Rankin County Circuit Court on October 22, 2018, and the jury returned a verdict finding Adams guilty of possession of a firearm by a convicted felon as a non-violent habitual offender. On April 15, 2019, the circuit court sentenced him to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), without early release or eligibility for parole pursuant to his status as a habitual offender. He did not file a direct appeal of his conviction or sentence.

¶5.　On March 8, 2021, Adams filed a motion for post-conviction relief, claiming that there was insufficient evidence of his constructive possession of the gun to support his conviction and that the circuit court erred by refusing to give the jury his requested circumstantial evidence instruction. After the circuit court reviewed his motion and the evidentiary record, the court entered an order dismissing Adams's motion for post-conviction relief on September 20, 2021. The court found "that it plainly appears from the face of [the PCR] Petition that [Adams] is not entitled to any relief and that such motion should be dismissed." Aggrieved, Adams appeals.

**STANDARD OF REVIEW**

¶6.　When "reviewing the trial court's denial or dismissal of a PCR motion, the appellate court will reverse the judgment only if the 'factual findings are clearly erroneous.'" *Jamison v. State*, 332 So. 3d 892, 897 (¶9) (Miss. Ct. App. 2022) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)). "A circuit court may summarily dismiss a PCR motion 'where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Warren v. State*, 150

So. 3d 163, 165 (¶6) (Miss. Ct. App. 2014) (quoting *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011)). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023).

**DISCUSSION**

¶7.     First, Adams argues that the evidence presented at trial was insufficient to prove he had constructive possession of the gun at the time of his arrest. Second, he claims that he was entitled to have a circumstantial evidence instruction given to the jury based on the nature of the constructive-possession case against him.

### I.     Sufficiency of the Evidence Supporting Adams's Conviction

¶8.     Adams alleges that the State had the burden to establish that he was aware of the presence and character of the gun and was intentionally and consciously in possession of the gun. But he claims that the State only provided evidence of his proximity to the gun and failed to establish the elements of constructive possession. The State argues that Adams's claim challenging the sufficiency of the evidence could have and should have been raised in a post-trial motion or a direct appeal and is not a proper issue for a PCR motion. Accordingly, the State contends that his claim must fail and be dismissed because his PCR motion was not the proper mechanism.

¶9.     "Mississippi Code Annotated section 99-39-3(2) (Rev. 2020) provides that direct appeals are 'the principal means of reviewing all criminal convictions and sentences.'" *Jamison*, 332 So. 3d at 901 (¶27). A motion for "[p]ost-conviction relief is not the same or a substitute for direct appeal." *Steen v. State*, 933 So. 2d 1052, 1054 (¶2) (Miss. Ct. App.

4

2006). Rather, "[p]ost-conviction relief is a limited proceeding where this Court will only review 'those objections, defenses, claims, questions, issues or errors which in practical reality could not or should not have been raised at trial or on direct appeal.'" *Shorter v. State*, 946 So. 2d 815, 821 (¶27) (Miss. Ct. App. 2007) (quoting *Crawford v. State*, 867 So. 2d 196, 202 (¶5) (Miss. 2003)).

¶10. In *Warren*, 150 So. 3d at 165 (¶7), the defendant appealed the trial court's denial of his PCR motion and "essentially argue[d] that he [was] entitled to post-conviction relief because there was insufficient evidence that he had active or constructive possession of marijuana[.]" The Court held, "The sufficiency of the evidence against Warren could have and should have been raised at trial or on direct appeal. It is not a proper issue for a PCR motion." *Id*. at 165 (¶8). In *Jamison*, 332 So. 3d at 901 (¶26), the defendant filed a PCR motion and "argue[d] there was insufficient evidence for his initial conviction of attempted armed robbery." This Court noted that "[c]laims regarding sufficiency of the evidence . . . are typically raised on direct appeal and not in post-conviction actions." *Id*. at 901 (¶27). The Court further stated that sufficiency-of-evidence "issues are not grounds for post-conviction relief[.]" *Id*. at 902 (¶27).

¶11. Adams is pursuing post-conviction relief based on a challenge to the sufficiency of the evidence supporting his conviction. A review of the record shows that his claim is based entirely on the evidence presented at trial and does not incorporate any new evidence. Adams merely argues that the State's case against him at trial lacks proof of his dominion and control over the firearm. We find no reason that Adams could not or should not have raised

5

this claim at trial; thus, the issue of sufficiency of the evidence against Adams is not a proper ground for his PCR motion.

## II. Circumstantial Evidence Jury Instruction

¶12. Adams also requests post-conviction relief on the ground that the court improperly refused to give his circumstantial evidence jury instruction. His "argument that the jury instruction was [improperly refused] could have been raised on direct appeal and is procedurally barred. *See* Miss. Code Ann. § 99-39-21(1)." *Howard v. State*, 945 So. 2d 326, 362 (¶78) (Miss. 2006).[1] Notwithstanding the procedural bar, this argument is also without merit. At trial, Adams proposed the following jury instruction:

> The Court instructs the jury that if the State has relied on circumstantial evidence to establish its theory of guilt of the defendant, then the evidence for the State must be so strong to establish the guilt of the defendant, not only beyond a reasonable doubt, but the State must prove each element beyond a reasonable doubt, to the exclusion of every reasonable hypothesis of his innocence.

Adams argued that the circumstantial evidence instruction was necessary because constructive possession involves proof that is by its very nature circumstantial. He also asserted the instruction was a necessity because the State introduced no direct evidence that he was ever in possession of the gun. The State contends that Mississippi law no longer recognizes a right to circumstantial evidence instructions. As such, the State argues that Adams had no right to a circumstantial evidence jury instruction, and the circuit court

---

[1] "Our first question is whether Gray's claim is procedurally alive. We find that it is not—at least three procedural bars apply under the Uniform Post-Conviction Collateral Relief Act. First, the jury instruction could have been challenged on direct appeal, and since it was not, the issue was waived." *Gray v. State*, 107 So. 3d 1021, 1023 (¶5) (Miss. Ct. App. 2012).

therefore could not have erred in refusing it.

¶13.   On appeal, "the grant or denial of jury instructions is reviewed for an abuse of discretion." *Brown v. State*, 332 So. 3d 1287, 1289 (¶7) (Miss. 2022). "A defendant is entitled to have jury instructions given which present his theory of the case; however, . . . the court may refuse an instruction which incorrectly states the law . . . ." *Id*. In *Brown*, our supreme court explained,

> Before its decision in *Nevels v. State*, 325 So. 3d 627 (Miss. 2021), Mississippi allowed a circumstantial evidence jury instruction when the prosecution could produce neither eyewitnesses or a confession to the offense charged. *Stringfellow v. State*, 595 So. 2d 1320, 1322 (Miss. 1992), *overruled by Nevels*, 325 So. 3d 627. [In *Nevels*, however,] [t]he Mississippi Supreme Court joined a large majority of courts and overruled the cases that previously had entitled defendants to a circumstantial evidence jury instruction.

*Id*. at 1290 (¶13). Therefore, based on the court's ruling in *Nevels* and the explicit holding in *Brown*, we find that Adams is not entitled to a circumstantial evidence jury instruction.

## CONCLUSION

¶14.   Adams's claim challenging the sufficiency of the evidence is not a proper ground for post-conviction relief, and Mississippi caselaw precludes his claim alleging a right to have a circumstantial evidence instruction given to the jury. Accordingly, it plainly appears from the face of his motion that he is not entitled to any relief. We therefore affirm the circuit court's order denying relief and dismissing Adams's PCR motion.

¶15.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  WESTBROOKS AND EMFINGER, JJ., NOT PARTICIPATING.**